UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MICHELLE OCHS,

                Plaintiff,

            v.

CUSHNIE, LLC (FORMERLY KNOWN AS
CUSHNIE ET OCHS, LLC), and CUSHNIE
HOLDINGS, LLC (FORMERLY KNOWN AS
CUSHNIE ET OCHS HOLDINGS, LLC),

                Defendants.

------------------------------------------------------------------------x

Index No.: 20-cv-04215

**COMPLAINT**

Plaintiff Michelle Ochs, by her attorneys Crosby & Higgins LLP, complaining of Defendants, Cushnie, LLC (formerly known as Cushnie et Ochs, LLC) ("Cushnie") and Cushnie Holdings, LLC (formerly known as Cushnie et Ochs Holdings, LLC), ("Cushnie Holdings") (together, "Defendants"), alleges upon information and belief as follows:

**PRELIMINARY STATEMENT**

1. This action arises out of Defendants' breach of a non-disclosure and settlement agreement (the "Settlement Agreement") and a promissory note (the "Promissory Note") whereby Defendants agreed to pay a certain sum of money to Plaintiff in installments of $180,000, along with interest and attorneys' fees for collection of monies owed in the event of any uncured default.

2. Defendants, however, have failed to make payments in accordance with the obligations set forth in the parties' agreements, thereby breaching the terms of both agreements.

3. Accordingly, Plaintiff now seeks damages arising out of Defendants' breaches of the Settlement Agreement and Promissory Note in an amount to be determined at trial, but believed to be in excess of $360,000. Plaintiff also seeks the following relief: (i) the reasonable costs and expenses incurred in this action, including attorneys' fees; (ii) pre-judgment and post-judgment

1

interest at the maximum rate allowable by law; and (iii) such other or further relief as the Court deems just and proper.

## THE PARTIES

4. Plaintiff Michelle Ochs is an individual residing in the State of New Jersey.

5. On information and belief, Defendant Cushnie LLC is a New York limited liability company with its principal place of business located in New York, New York, and an address c/o Edmonds & Co., P.C., 501 Fifth Avenue, 19th Floor, New York, N.Y. 10017.

6. On information and belief, Defendant Cushnie Holdings LLC is a New York limited liability company with its principal place of business located at 336 West 37th Street, Suite 1200, New York, N.Y. 10018.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Defendant Cushnie because it was organized pursuant to the laws of the State of New York and is located in, maintains an office in, and/or does business in the State of New York.

8. This Court has personal jurisdiction over Defendant Cushnie Holdings because it was organized pursuant to the laws of the State of New York and is located in, maintains an office in, and/or does business in the State of New York. Moreover, Cushnie et Ochs Holdings has submitted to the exclusive jurisdiction of any federal or state court sitting in the Borough of Manhattan of the City of New York in connection with actions arising out of the Promissory Note.

9. Upon information and belief, the current membership of Defendant Cushnie is diverse from Plaintiff for purposes of diversity of citizenship in that no current member of the company is believed to be a resident of Plaintiff's state of residence, New Jersey.

10. Upon information and belief, the current membership of Defendant Cushnie Holdings is diverse from Plaintiff for purposes of diversity of citizenship in that no current member of the company is believed to be a resident of Plaintiff's state of residence, New Jersey.

11. Moreover, as alleged herein, Plaintiff has suffered monetary damages in an amount to be proven at trial but believed to be in excess of $75,000, exclusive of interest and costs.

12. Accordingly, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1).

13. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b)(1), (c)(2) in that Defendants reside in the Southern District of New York, are both residents of the State of New York, and are subject to this Court's personal jurisdiction in the Southern District of New York, as well as pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to this action occurred in the Southern District of New York.

## DETAILED FACTUAL BACKGROUND

14. In August 2018, Plaintiff and Defendants agreed to settle a dispute then existing between them.

15. Pursuant to the parties' agreement, on August 13, 2018, Defendants executed the Settlement Agreement and the Promissory Note, in which Defendants agreed to make certain monetary payments to Plaintiff over a two-year period.

16. In the event that Defendants failed to make payment as provided in the parties' agreements (and following written notice of default and the expiration of a curative period of ten business days), the Settlement Agreement and Promissory Note both provide that Plaintiff may declare all remaining payments immediately due and payable and may move to enforce such payment obligations, together with statutory interest, and including any reasonable attorneys' fees necessarily incurred in order to collect such remaining amount.

17. In accordance with the foregoing, Defendants were required to make a penultimate payment to Plaintiff in the amount of $180,000 within ten business days of February 27, 2020, i.e., on or before March 12, 2020, and to make a final payment in an equal amount (i.e., $180,000) within ten business days of August 27, 2020.

18. Defendants failed to make the requisite payment to Plaintiff on or before March 12, 2020.

19. Accordingly, by letter dated March 13, 2020, Plaintiff provided Defendants formal written notice of their defaults, and advised Defendants that they had through March 27, 2020 to cure their defaults, after which Plaintiff would deem all remaining payments due and immediately payable and move to enforce Defendants' payment obligations, together with statutory interest and reasonable attorneys' fees.

20. Defendants failed to remit payment to Plaintiff by March 27, 2020. As a result, Defendants breached the Settlement Agreement and Promissory Note, and Plaintiff had the right to seek immediate acceleration of Defendants' remaining payment obligations, together with statutory interest and reasonable attorneys' fees.

21. Accordingly, on April 8, 2020, Plaintiff demanded arbitration of the dispute before the American Arbitration Association.[1] However, Defendants failed to appear at arbitration, and the matter was deemed closed on May 18, 2020.

22. Given the foregoing, Plaintiff was left with no choice but to commence this action seeking monetary damages arising out of Defendants' breach of Settlement Agreement and Promissory Note in an amount to be determined at trial, but believed to be in excess of $360,000,

---

[1] The Settlement Agreement requires that related disputes be brought before the American Arbitration Association, whereas the Promissory Note requires that related disputes be brought in New York federal court sitting in the Borough of Manhattan of the City of New York.

along with the reasonable costs and expenses incurred in this action, including reasonable attorneys' fees, pre-judgment and post-judgment interest at the maximum rate allowable by law, and such other or further relief as this Court deems just and proper.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Breach of Contract – Breach of Settlement Agreement
### (Both Defendants)

23.  Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

24.  The Settlement Agreement entered into by Plaintiff and Defendants is a valid and enforceable contract under New York law.

25.  Plaintiff fully and adequately performed her obligations under the Settlement Agreement.

26.  Pursuant to the Settlement Agreement, Defendants had the obligation to remit payment to Plaintiff in the amount of $180,000 no later than March 12, 2020, and, in the event of a properly noticed and uncured default, to immediately remit full and complete payment of any remaining settlement amount, along with statutory interest and including any reasonable attorneys' fees incurred in collecting the settlement amount.

27.  Defendants materially breached the Settlement Agreement by failing to remit to Plaintiff payment in the amount of $180,000 no later than March 12, 2020, and subsequently by failing to cure its default in connection with this payment on or before March 27, 2020.

28.  Thereafter, Defendants materially breached the Settlement Agreement further by failing to immediately pay upon its acceleration the entire outstanding balance owed to Plaintiff under the Settlement Agreement, i.e., $360,000.

29. As a direct and proximate result of the Defendants' breaches of the Settlement Agreement, Plaintiff has been damaged in an amount to be determined at trial, but believed to be in excess of $360,000, along with statutory interest and reasonable attorneys' fees.

### SECOND CAUSE OF ACTION
### Breach of Contract – Breach of Promissory Note
### (Defendant Cushnie Holdings)

30. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

31. The Promissory Note entered into by Plaintiff and Cushnie Holdings was executed by Cushnie Holdings and is a valid and enforceable contract under New York law.

32. Plaintiff fully and adequately performed her obligations under the Promissory Note, including the sale of certain interests to Defendants.

33. Pursuant to the Promissory Note, Cushnie Holdings had the unequivocal and unconditional obligation to remit payment to Plaintiff in the amount of $180,000 no later than March 12, 2020, and, in the event of a properly noticed and uncured default, to immediately remit full and complete payment of any remaining payments thereunder, along with statutory interest and including any reasonable attorneys' fees incurred in collecting such amount.

34. Cushnie Holdings materially breached the Promissory Note by failing to remit to Plaintiff payment in the amount of $180,000 no later than March 12, 2020, and subsequently by failing to cure its default in connection with this payment on or before March 27, 2020.

35. Thereafter, Cushnie et Ochs Holdings materially breached the Promissory Note further by failing to immediately pay upon its acceleration the entire outstanding balance owed to Plaintiff under the Promissory Note, i.e., $360,000.

36. As a direct and proximate result of Cushnie et Ochs Holdings's breaches of the Promissory Note, Plaintiff has been damaged in an amount to be determined at trial, but believed to be in excess of $360,000, along with statutory interest and reasonable attorneys' fees.

## JURY DEMAND

37. Plaintiff hereby demands a jury trial on all triable issues.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

(i) Monetary damages arising out of Defendants' breach of the Settlement Agreement in an amount to be determined at trial, but believed to be in excess of $360,000;

(ii) Monetary damages arising out of Cushnie Holdings's breach of the Promissory Note in an amount to be determined at trial, but believed to be in excess of $360,000;

(iii) the reasonable costs and expenses incurred in this action, including attorneys' fees;

(iv) pre-judgment and post-judgment interest at the maximum rate allowable by law; and

(v) any such other or further relief as the Court deems just and proper.

Dated: New York, New York
June 2, 2020

CROSBY & HIGGINS LLP

_____
Todd A. Higgins, Esq. (TH 7920)
*Attorneys for Plaintiff*
140 Broadway, 46th Floor
New York, N.Y. 10005
Ph: (646) 452-2300
Fx: (646) 452-2301
thiggins@crosbyhiggins.com